IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 15-cv-02725-RM

EAGLE VISA EQUITIES, LLC,

    Plaintiff,

v.

NANCY BIRKETT, and
ALL OCCUPANTS OF THE PROPERTY COMMONLY KNOWN AS
8214 E. DAVIES AVENUE, CENTENNIAL, COLORADO 80112,

    Defendants.

---

**ORDER REMANDING ACTION**

---

This matter is before the Court *sua sponte* on Defendant's Notice of Removal ("Notice") (ECF No. 1). Upon consideration of the Notice, and being otherwise fully advised, this action is remanded to the County Court, Arapahoe County, State of Colorado from where it was removed.[1]

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brought this unlawful detainer action against Defendant Birkett, individually, and other unnamed persons, in Arapahoe County Court ("State Court Action"). Defendant is allegedly a tenant in Plaintiff's real property located in Centennial, Colorado. Plaintiff allegedly terminated Defendant's tenancy, but she refuses to surrender the premises.

Defendant apparently does not wish this case to be heard before the State Court as this is her second attempt to remove the State Court Action to this Court. Initially, by "Bill in Equity"

---

[1] Defendant requested an evidentiary hearing. The Court finds no hearing is necessary as it would not materially assist in deciding the issues.

filed September 8, 2015, Defendant removed the Arapahoe County Court action to this Court, docketed under Case No. 15-cv-01935-RM. Defendant's first removal alleged subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship), 1333 (admiralty, maritime, and prize cases), and 1367(a) (supplemental jurisdiction). By Order dated November 3, 2015, upon Plaintiff's Motion to Remand, the Court remanded Case No. 15-cv-01935-RM to the State Court. Defendant's current removal relies on allegations that subject matter jurisdiction exists based on federal question(s).

## II.   ANALYSIS

Defendant appears *pro se*; therefore, the Court will construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding a *pro se* complainant's allegations to less stringent standards than formal pleadings drafted by lawyers); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). But, under even the most liberal construction, subject matter jurisdiction has not been shown.[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (the party asserting jurisdiction bears the burden of establishing such jurisdiction).

Specifically, in deciding whether an action arises under federal law, with exceptions not applicable here, the Court is guided by the "well-pleaded complaint" rule. Under that rule, a suit arises under federal law "when the plaintiff's statement of [its] own cause of action shows that it is based on federal law." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (quoting *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir.1996)) (internal quotation marks

---

[2] Plaintiff sued Defendant individually but, although unclear, appears to seek to remove on behalf of herself allegedly in another a capacity. To the extent such is the case, Defendant, as an agent, intervenor, or otherwise, fails to factually or legally show she may do so. *See* 28 U.S.C. § 1441(a) (action may be removed by defendant). To the extent Defendant, in some other capacity, seeks to remove based on assertions that she is the real party in interest, she again fails to show she may do so. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992) (discussing requirements for standing).

omitted). In this case, an examination of the complaint shows no basis for invoking this Court's federal question jurisdiction.

To the extent Defendant seeks to invoke this Court's subject matter jurisdiction based on her assertion of any federal "claim" (counterclaim) or federal defense, removal may not be made on such bases. "Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law." *Turgeau*, 446 F.3d at 1060; *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (case may not be removed based on federal defense); *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012). And, further, "a counterclaim…cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002), *superseded by statute on other grounds as recognized in Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1181 n.2 (10th Cir. 2015).

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** that, pursuant to 28 U.S.C. § 1447(c), due to this Court's lack of subject-matter jurisdiction, this case is **REMANDED** to the County Court, Arapahoe County, State of Colorado, where it was original filed as Civil Action No. 2015C44758.

DATED this 21st day of December, 2015.

                            BY THE COURT:

                            _____
                            RAYMOND P. MOORE
                            United States District Judge